Filed
7/25/2022 2:11 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Sylvie Le

CAUSE NO. 22-DCV-295401

| | | |
|---|---|---|
| LINDA RICKS | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | Fort Bend County - 458th Judicial District Court |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| BEST BUY CO., INC., D/B/A | § | |
| MINNESOTA BEST BUY CO., INC. | § | |
| | § | |
| DEFENDANT. | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Linda Ricks ("Ricks") and files this Original Petition complaining of Defendant Best Buy Co., Inc., d/b/a Minnesota Best Buy Co., Inc. ("Best Buy") and for her causes of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1   Plaintiff pleads that the case should be assigned to Discovery Level Two pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.1   Plaintiff Linda Ricks is a citizen of the State of Texas and is a resident of Fort Bend County, Texas.

**EXHIBIT A**

2.2     Defendant Best Buy is a for-profit business entity conducting business throughout the state of Texas. It may be swerved with process by serving its registered agent for service, the CT Corporation System, 1999 Bryan Street, Suite 900. Dallas, Texas 75201, or wherever they may be found.

### III.     VENUE AND JURISDICTION

3.1     Venue in Fort Bend, Texas is proper under the general venue rule of Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events or omissions giving rise to the claim or occurrence occurred in Fort Bend County, Texas.

3.2     Damages sought are within the jurisdictional limits of this Court. The Plaintiff seeks only monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

### IV. BACKGROUND

4.1     On or about August 6, 2020, Plaintiff was an invitee of the Best Buy store located at 16980 Southwest Freeway, Sugar Land, Texas 77479. On that occasion, Plaintiff was entering the store when her foot caught on tape and/or a loose carpet seam that caused her to lose her balance and fall on her right shoulder, face and arms. This facility was owned, operated, and maintained by Defendant. Defendant had actual knowledge of the danger. As a result of the condition of the entry way and Defendant's negligence, Plaintiff suffered serious personal injuries.

### V.     NEGLIGENCE

5.1     Plaintiff would show that the incident in question and the Plaintiff's resulting damages were proximately caused by the negligence, acts and/or omissions of the Defendant, its agents, servants, and/or employees in one or more of the following ways:

   a.   Failure to maintain the premises in question in a reasonably safe condition free of hazards to Plaintiff and invitees;

   b.   Failure to correct the unreasonably dangerous condition;

**EXHIBIT A**

    c.    Failing to adequately warn Plaintiff of the dangerous condition;

    d.    Failure to properly inspect the premises in question to discover the unreasonably dangerous condition made the subject of this lawsuit;

    e.    Failure to properly and adequately train its agents, employees and/or servants to discover the unreasonably dangerous condition made the subject of this lawsuit; and

    f.    Failure to implement proper policies to make the premises reasonably safe.

5.2    The above acts/omissions by Defendant, singularly or collectively, constituted negligence and proximately caused Plaintiff's injuries and damages.

## VI. DAMAGES

6.1    As a producing, direct and proximate result of the incident, injuries, and damages for which Defendant is liable, Plaintiff seeks and is entitled to general, special, economic and noneconomic damages, as applicable to Plaintiff, in an amount in excess of the court's minimum jurisdictional limits, as the jury determines to be just and fair. Such damages include, but are not necessarily limited to:

    a.  *Personal Injury Damages*

        1) Physical pain and mental anguish in the past and future;
        2) Loss of earning capacity in the past and the future;
        3) Loss of wages and earnings in the past and the future;
        4) Disfigurement in the past and the future;
        5) Physical impairment in the past and the future;
        6) Pre judgment and post judgment interest;
        7) Medical care in the past and the future; and
        8) All other damages allowed by law and equity.

## VII. RULE 193.7 NOTICE

7.1    Plaintiff intends that any and all documents produced by Defendant to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or trial.

## VIII. JURY DEMAND

8.1    Plaintiff demands a trial by jury and tenders the appropriate fee.

**EXHIBIT A**

WHEREFORE, Plaintiff prays that this cause be set for trial before a jury, that she recovers judgment of and from Defendant for her actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which he may show themselves to be justly entitled.

Respectfully submitted,

**MAGENHEIM ♦ ZEHNDER**

By: /s/ Alan N. Magenheim
    Alan N. Magenheim
    SBOT: 12816200
    Eric T. Zehnder
    SBOT: 24079627
    3701 Kirby Drive, Suite 913
    Houston, Texas 77098
    (713) 529-1700
    (713) 520-1705 - Facsimile
    Alan@magenheimlaw.com
    ezehnder@magenheimlaw.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**