Case 4:22-cv-02902   Document 1-3   Filed on 08/26/22 in TXSD   Page 1 of 7

Filed
8/23/2022 11:55 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

CAUSE NO. 22-DCV-295401

| | | |
|---|---|---|
| **LINDA RICKS** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| v. § | | **FORT BEND COUNTY, TEXAS** |
| § | | |
| **BEST BUY CO., INC. D/B/A** § | | |
| **MINNESOTA BEST BUY CO., INC.** § | | **458TH   JUDICIAL DISTRICT** |

## DEFENDANT'S VERIFIED DENIAL AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant Best Buy Co., Inc. (incorrectly identified as "Best Buy Co., Inc. d/b/a Minnesota Best Buy Co., Inc." and hereinafter "Defendant"), and files its Verified Denial and Original Answer to Plaintiff Linda Ricks' (hereinafter "Plaintiff") Original Petition as follows:

### I.
### VERIFIED DENIAL

1.  Defendant Best Buy Co., Inc. is not a proper party to this suit, and specifically denies that it is liable to Plaintiff in any capacity and/or in the capacity in which it has been sued.

### II.
### GENERAL DENIAL

2.  Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require Plaintiff to prove her claims, charges and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

**EXHIBIT C**

## III.
## AFFIRMATIVE DEFENSES

3. Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of the Plaintiff.

4. Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence, intentional criminal actions, or other conduct of third parties or persons or entities over whom Defendant had no right of control nor for whom or for which Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on new and independent or superseding causes.

5. Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiff, any such liability being expressly denied, Defendant is entitled to a reduction for the negligence, liability, fault or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

6. Pleading further and in the alternative, Defendant would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any person or entity not a party to this litigation.

7. Pleading further and in the alternative, Defendant would show that the injuries and/or damages allegedly sustained by Plaintiff herein were caused, in whole or in part, by occurrences prior or subsequent to the occurrence at issue.

**EXHIBIT C**

8. Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiff, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by applicable laws and statutes.

9. Pleading further and in the alternative, Defendant would show that Plaintiff failed to mitigate her damages as required under applicable law.

10. Pleading further and in the alternative, Defendant asserts that Plaintiff's claims for damages, if any, were the result solely of an unavoidable accident and/or unforeseeable condition and/or open and obvious conditions for which Defendant cannot be held liable.

11. Further, Defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, release, payment, credit, offset, and waiver.

12. Defendant further pleads Chapter 33 of the Texas Civil Practice and Remedies Code and respectfully requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord the Defendant full benefit of Chapter 33 of the Texas Civil Practice and Remedies Code and its subparts.  Defendant is entitled to a percentage reduction based upon a determination of the relative fault of all persons and party joint tortfeasors and a credit and offset for the amount of money paid to Plaintiff by any alleged joint tortfeasor who is not party to the suit at time of trial.

13. Pleading further and in the alternative, Defendant would show that Plaintiff's injuries and damages are the result of open and obvious conditions and/or risks that Plaintiff easily could have avoided.

**EXHIBIT C**

14. Defendant further invokes the affirmative defense of statute of limitations asserting that Plaintiff's claims are time-barred under Section 16.003 of the Texas Civil Practice and Remedies Code.

15. Defendant invokes the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

16. Defendant further invokes the limitation contained in Section 41.0105 of the Texas Civil Practice and Remedies Code as to the recovery of medical and health care expenses.

17. Further, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code.  Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

18. Defendant respectfully reserves the right to file an amended Answer in this case in the manner authorized by Rules 63 and 66 of the Texas Rules of Civil Procedure.

19. Defendant respectfully demands a trial by jury on all contested issues of fact.

## PRAYER

Defendant prays that Plaintiff takes nothing, that Defendant be dismissed from this suit with prejudice and at the Plaintiff's sole costs, and that Defendant be granted all relief, at law and in equity, to which Defendant may show that it is justly entitled.

Respectfully submitted by,

**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH**

*/s/ Adraon D. Greene*
Adraon D. Greene
State Bar No. 24014533
agreene@gallowaylawfirm.com
Whitney T. Joseph

**EXHIBIT C**

State Bar No. 24118429
wjoseph@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 23rd day of August, 2022, as follows:

***Via E-Service:*** *alan@magenheimlaw.com*; *ezehnder@magenheimlaw.com*
Alan N. Magenheim
Eric T. Zehnder
MAGENHEIM ZEHNDER
3701 Kirby Drive, Suite 913
Houston, Texas 77098
Phone: (713) 526-1700
Fax: (713) 520-1705
**ATTORNEYS FOR PLAINTIFF**

*/s/ Adraon D. Greene*
Adraon D. Greene
Whitney T. Joseph

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Johnson on behalf of Adraon Greene
Bar No. 24014533
JJohnson@gallowaylawfirm.com
Envelope ID: 67559620
Status as of 8/24/2022 10:26 AM CST
Associated Case Party: Best Buy Co., Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adraon D.Greene | | agreene@gallowaylawfirm.com | 8/23/2022 11:55:53 AM | SENT |
| Jessica Johnson | | jjohnson@gallowaylawfirm.com | 8/23/2022 11:55:53 AM | SENT |
| Whitney Joseph | | wjoseph@gallowaylawfirm.com | 8/23/2022 11:55:53 AM | SENT |
| Robyn Morgan | | rmorgan@gallowaylawfirm.com | 8/23/2022 11:55:53 AM | SENT |

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Johnson on behalf of Adraon Greene
Bar No. 24014533
JJohnson@gallowaylawfirm.com
Envelope ID: 67559620
Status as of 8/24/2022 10:26 AM CST
Associated Case Party: Linda Ricks

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alan Maganheim | | alan@magenheimlaw.com | 8/23/2022 11:55:53 AM | SENT |
| Eric Zehnder | | ezehnder@magenheimlaw.com | 8/23/2022 11:55:53 AM | SENT |

**EXHIBIT C**